**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Mahala Demarzio and Drea Layne, on behalf of themselves and all others similarly situated, | Civil Action No.   2:22-cv-1245 |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | **Complaint-Class Action** |
| THORLEY INDUSTRIES, LLC (D/B/A 4MOMS), | |
| Defendant. | |

Plaintiffs Drea Layne and Mahala Demarzio ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their undersigned counsel, hereby bring this action against Thorley Industries, LLC (d/b/a 4moms) ("4moms" or "Defendant"), and allege the following based on (a) personal knowledge, as to themselves, (b) the investigation of counsel, and (c) information and belief.

**INTRODUCTION**

1.      Plaintiffs bring this action on behalf of themselves and the proposed class of purchasers and users of MamaRoo Baby Swings, versions 1.0 through 4.0 ("MamaRoo") and RockaRoo Baby Rockers ("RockaRoo")(collectively, the "Recalled Devices").

2.      On August 15, 2022, the U.S. Consumer Product Safety Commission (CPSC) and 4moms announced the recall of about two million MamaRoo swings and 220,000 RockaRoo rockers sold in the United States because when the Recalled Products are not in use, the restraint

straps can dangle below the seat and crawling infants can become entangled in the dangling straps, posing a strangulation hazard.[1]

3.     Prior to issuing the Recall Notice, 4moms had received two reports of entanglement incidents involving infants who became caught in the strap under the unoccupied MamaRoo infant swing after they crawled under the seat, including a 10-month-old infant who died from asphyxiation, and a 10-month-old infant who suffered bruising to his neck before being rescued by a caregiver.[2]

4.     In its Recall Notice, 4moms recommended consumers with infants who can crawl to "immediately stop using the recalled swings and rockers and place them in an area where crawling infants cannot access.  Consumers should contact 4moms immediately to register for a free strap fastener that will prevent the straps from extending under the swing when not in use."[3]

5.     Plaintiffs owned a Recalled Device, which Plaintiffs used regularly through the 4moms Recall Notice.

6.     On or about August 17, 2022, Plaintiffs learned that there was a recall of her Recalled Device due to the presence of dangerous straps that could cause their infant to become entangled and/or strangled resulting in injury or death.

7.     Plaintiffs seek to recover damages based on, *inter alia*, 4moms' breach of express warranty, breach of implied warranties, misrepresentations, omissions, and breaches of state consumer protection laws in connection with its manufacture, marketing and sales of devices with dangerous straps on behalf of themselves and the proposed Class.

---

[1] https://www.4moms.com/pages/safety-and-recall (Last accessed August 18, 2022).
[2] https://www.cpsc.gov/Recalls/2022/4moms-Recalls-More-than-2-Million-MamaRoo-and-RockaRoo-Infant-Swings-and-Rockers-Due-to-Entanglement-and-Strangulation-Hazards-One-Death-Reported. (Last accessed August 18, 2022).
[3] Id.

## PARTES

8.      Upon information and belief, Defendant is a limited liability corporation organized under the laws of the Commonwealth of Pennsylvania, having a principal place of business at 40 24th Street, Pittsburgh, Pennsylvania 15222.

9.      Defendant designs, builds, distributes, markets, sells, and/or offers for sale, in the United States and in this District, products for infants and young children including the Recalled Devices.

10.     Plaintiff Mahala Demarzio is an individual and resident and citizen of the state of North Carolina and owned Defendant's MamaRoo for use by her infant.

11.     Plaintiff Drea Layne is an individual and resident and citizen of the state of South Carolina and purchased Defendant's MamaRoo for use by her infant.

## JURISDICTION AND VENUE

12.     This Court has subject-matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, (2) the action is a class action, (3) there are members of the Class who are diverse from Defendant, and (4) there are more than 100 class members.  This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367, because they form part of the case or controversy as the claims within the Court's original jurisdiction.

13.     Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b) and (c) and 18 U.S.C. § 1965, because Defendant transacts business in this District, a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District; and because Defendant caused harm to class members residing in this District.

14.     This Court has personal jurisdiction over the Defendant because Defendant conducts substantial business in this District, and the events giving rise to Plaintiffs' claims arise out of and related to Defendant's contact with this District.  Moreover, Defendant has its principal place of business in the forum Commonwealth.  Further, Defendant has transacted business, maintained substantial contacts, purposefully targeted consumers for sales of its devices and/or committed overt acts in furtherance of the unlawful acts alleged in this Complaint in this District, as well as throughout the United States.  The unlawful acts of Defendant have been directed at, targeted, and have had the effect of causing injury to persons residing in, located in, or doing business in this District as well as throughout the United States.

## FACTUAL BACKGROUND

15.     4moms is a design and technology company "dedicated to making the best products for babies and their parents."[4]

16.     Upon information and belief, 4moms claims that the "Words We Lives By" is "*Everything matters.*" and "*Good enough isn't Awesome enough*"[5]



---

[4] https://www.gbbn.com/work/4moms-headquarters/#:~:text=Pittsburgh%2C%20Pa%20%7C%2065%2C000%20SF (Last Accessed Aug. 17, 2022).
[5] *Id.*

17.     According to its website, 4moms' mission "is to develop dramatically better juvenile products and build a great company.  Dramatically better products redefine the most important attribute in their category.  Great companies care more than financial success."[6]

18.     4moms states that its products are "*Created to Make Parents Lives Easier*."[7]



19.     4moms developed, marketed and sold a variety of MamaRoo and RockaRoo devices.  These devices typically cost hundreds of dollars. 4moms has sold millions of the Recalled Devices in the United States and Canada.

A.     **MamaRoo and RockaRoo Devices Endangered Infants**

20.     After receiving two (2) reports of entanglement incidents involving infants who became caught in the strap under the unoccupied MamaRoo infant swing after they crawled under the seat, including a 10-month-old infant who died from asphyxiation, and a 10-month-old infant who suffered bruising to his neck before being rescued by a caregiver, 4moms announced a recall of numerous models of its MamaRoo and RockaRoo devices.  Specifically, 4moms announced that "when the swing or rocket is not in use, their restraining straps can hang below the seat and

---

[6] https://www.4moms.com/pages/about-us (Last accessed Aug. 17, 2022).
[7] Id. (emphasis added)

non-occupant crawling infants can become entangled in the straps, posing entanglement and strangulation hazards."[8]



21.    In total, 4moms announced that "about two million MamaRoo swings and 220,000 RockaRoo rockers" are targeted in the recall.[9]

22.    The list of devices recalled by 4moms include:[10]

[space left intentionally blank]

---

[8] https://www.cpsc.gov/Recalls/2022/4moms-Recalls-More-than-2-Million-MamaRoo-and-RockaRoo-Infant-Swings-and-Rockers-Due-to-Entanglement-and-Strangulation-Hazards-One-Death-Reported (Last accessed Aug. 18, 2022).
[9] Id.
[10] Id.



- **4moms MamaRoo (model number 4M-005)**



- **4moms MamaRoo (model number 1026)**



- **4moms MamaRoo (model number 1037)**



- **4moms RockaRoo (model number 4M-012)**

23.     The model number for the Recalled Devices can be located on the bottom of the unit.[11]

---

[11] Id.



**B.** **The Health and Safety Risks to Infants Associated with the Use and Non-Use of the Recalled Devices Renders Them Worthless**

24.     As a result of the health and safety risks to infants associated with the use and non-use of the Recalled Devices, together with 4moms' concealment of these risks from the date they were first reported to 4moms or discovery by 4moms through August 15, 2022, the Recalled Device have been rendered completely worthless or, at the very least, have been substantially diminished in value.

25.     The information described above, including the now-known health and safety risks to infants of the Recalled Devices, the recall, and the medical warnings and advice issued by 4moms, have rendered the Recalled Devices worthless to consumers.  If parents of infants choose to discontinue use of the Recalled Devices, they must pay for another expensive device for their infants.

26.     Recognizing this, 4moms issued the following advice to patients using any of the Recalled Devices:

> "Consumers with infants who can crawl should immediately stop using the recalled swings an rockers and place them in an area where crawling infants cannot access and contact 4moms immediately to register for a free strap fastener that will prevent the straps from extending under the swing when not in use."[12]

---

[12] Id.

27.     As a result of the above, Plaintiff and the Class will have to undertake considerable expense replacing the Recalled Devices.

**C.     4moms Delayed its Recall**

28.     At no time prior to the August 15, 2022 recall did 4moms disclose to purchasers or users of the health and safety risks of the Recalled Devices.

29.     4moms has not disclosed when they first discovered or received reports from users of the Recalled Devices regarding the risk of strangulation.

30.     At a minimum, 4moms was aware of the risk of infant strangulation of the Recalled Devices in August of 2018, when the first injury of this kind was reported to them.[13]   Yet, Defendant continued to manufacture and sell the Recalled Devices with such awareness.  During this period, 4moms unreasonably and unjustly profited from the manufacture and sale of the Recalled Devices and unreasonably put infants at risk of development of strangulation.

**D.     Plaintiffs**

31.     Plaintiff Mahala Demarzio is a citizen and resident of the State of North Carolina.

32.     Plaintiff Drea Layne is a citizen and resident of the State of South Carolina.

33.     Plaintiffs owned and regularly used a Recalled Device until learning of the 4moms Recall.

34.     Plaintiffs' Recalled Devices were purchased without notice of knowledge of the health and safety risks associated with its use and non-use.

---

[13] United States Consumer Product Safety Commission, Incident Report https://saferproducts.gov/PublicSearch/Detail?ReportId=1782312 (Last accessed August 19, 2022).

35.     As a result of the health and safety risks associated with the use of the Recalled Device, Plaintiffs' Recalled Devices are worthless.

## TOLLING AND ESTOPPEL

### A.     Discovery Rule Tolling

36.     Plaintiffs and the members of the Class had no way of knowing about 4moms' conduct with respect to the strangulation risks associated with the use and non-use of the Recalled Devices.

37.     Neither Plaintiffs nor any other members of the Class, through the exercise of reasonable care, could have discovered the conduct by 4moms alleged herein.  Further, Plaintiffs and members of the Class did not discover and did not know facts that would have caused a reasonable person to suspect that 4moms was engaged in the conduct alleged herein.

38.     For these reasons, all applicable statutes of limitation have been tolled by the discovery rule with respect to claims asserted by Plaintiffs and the Class.

### B.     Fraudulent Concealment Tolling

39.     By failing to provide immediate notice of the risks of strangulation associated with continued use and non-use of the Recalled Devices, 4moms concealed its conduct and the existence of the claims asserted herein from Plaintiff and the members of the Class.

40.     Upon information and belief, 4moms intended its acts to conceal the facts and claims from Plaintiffs and members of the Class.  Plaintiffs and members of the Class were unaware of the facts alleged herein without any fault or lack of diligence on their part and could not have reasonably discovered 4moms conduct.  For this reason, any statute of limitations that otherwise may apply to claims of Plaintiffs or members of the Class should be tolled.

///
///

## CLASS ACTION ALLEGATIONS

41.     Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3).  Plaintiffs seek class certification on behalf of the class defined as follows (the "Class"):

> All persons in the United States who purchased or used a MamaRoo (Model 4M-005), MamaRoo (Model 1026), MamaRoo (Model 1037) or a RockaRoo (Model 4M-012) device that was manufactured by 4moms from January 2010 through August 2022.

42.     Plaintiffs reserve the right to modify or refine the definition of the Class based upon discovery of new information and in order to accommodate any of the Court's manageability concerns.

43.     Excluded from the Class are: (a) any Judge or Magistrate Judge presiding over this action and members of their staff, as well as members of their families; (b) Defendant and Defendant's predecessors, parents, successors, heirs, assigns, subsidiaries and any entity in which any Defendant or their parents have a controlling interest, as well as Defendant's current or former employees, agents, officers, and directors; (c) persons who properly execute and file a timely request for exclusion from the Class; (d) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (e) counsel for Plaintiffs and Defendant; and (f) the legal representatives, successors, and assigns of any such excluded persons.

44.     **Numerosity (Rule 23(a)(1)).**  The Class members are so numerous that joinder of individual members herein is impracticable.  The exact number of members of the Class, as herein identified and described, is not known, but the Recall Notice indicates that millions of individuals have purchased Recalled Devices.

45.    **Commonality and Predominance (Rule 23(a)(2)).**  Common questions of fact and law exist for each cause of action and predominate over questions affecting only individual Class members including the following:

- whether Defendant owed a duty of care to Plaintiffs and the Class;

- whether Defendant knew or should have known that the Recalled Devices posed health and safety risks to infants;

- whether Defendant wrongfully represented that the Recalled Devices were safe;

- whether the Recalled Devices retained any value post-recall;

- whether Defendant wrongfully represented that the Recalled Devices were safe to use;

- whether Defendant wrongfully failed to disclose that the Recalled Devices posed health and safety risks to infants;

- whether Defendant's representations and omissions in advertising, warranties, packaging, and/or labeling were false, deceptive, and/or misleading;

- whether those representations and omissions were likely to deceive a reasonable consumer;

- whether a reasonable consumer would consider the presence, or risk of, health and safety risks of their infant children as a material fact in purchasing one of the Recalled Devices;

- whether Defendant had knowledge that those representations and omissions were false, deceptive, and misleading;

- whether Defendant breached its express warranties;

- whether Defendant breached its implied warranties;

- whether Defendant engaged in unfair trade practices;

- whether Defendant engaged in false advertising;

- whether Defendant's conduct was negligent per se;

- whether Defendant made negligent and/or fraudulent misrepresentation and/or omissions; and

- whether Plaintiff and the members of the Class are entitled to actual, statutory and punitive damages.

46.     **Typicality (Rule 23(a)(3)).**  Plaintiffs' claims are typical of the claims of the other members of the proposed Class.  Plaintiffs and members of the Class suffered injuries as a result of Defendant's wrongful conduct that is uniform across the Class.

47.     **Adequacy (Rule 23(a)(4)).**  Plaintiffs' interests are aligned with the Class they seek to represent.  Plaintiffs have and will continue to fairly and adequately represent and protect the interests of the Class.  Plaintiffs have retained competent counsel experienced in complex litigation and class actions and the types of claims at issue in this litigation, with the necessary resources committed to protecting the interests of the Class. Plaintiffs have no interest that is antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiffs.  Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class.

48.     **Superiority.**  This class action is appropriate for certification because class proceedings are superior to other available methods for the fair and efficient adjudication of this controversy, and joinder of all members of the Class is impracticable.  The

prosecution of separate actions by individual members of the Class would impose heavy burdens upon the Courts and Defendant, would create a risk of inconsistent or varying adjudications of the questions of law and fact common to members of the Class, and would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests. Class treatment will create economies of time, effort and expense and promote uniform decision-making.

49.     **Certification of Specific Issues (Rule 23(c)(4).**   To the extent that any described Class herein does not meet the requirements of Rule 23(b)(2) or (b)(3), Plaintiffs seek the certification of issues that will drive the litigation toward resolution.

50.     **Declaratory and Injunctive Relief (Rule 23(b)(2).**   Defendant has acted or refused to act on grounds generally applicable to Plaintiffs and other members of the Class, thereby making appropriate final injunctive and declaratory relief, as described herein, with respect to the members of the Class as a whole.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### BREACH OF EXPRESS WARRANTY

51.     Plaintiffs incorporate the foregoing allegation as if fully set forth herein.

52.     Plaintiffs bring this claim on behalf of themselves individually and on behalf of the Class.

53.     4moms marketed and sold the Recalled Devices into the stream of commerce with the intent that the Recalled Devices would be purchased or used by Plaintiffs and the Class.

54.     4moms expressly warranted, advertised and represented to Plaintiffs and the Class that the Recalled Devices were safe and appropriate for use.

55.     4moms made these express warranties regarding the Recalled Devices' quality and fitness for use in writing through its website, advertisements and marketing materials, and on the Recalled Devices' packaging and labels.  These express warranties became part of the basis of the bargain that Plaintiffs and the Class entered into upon purchasing the Recalled Devices.

56.     4moms' advertisements, warranties, representations and omissions regarding health risks associated with the Recalled Devices, were made in connection with the sale of the Recalled Devices to Plaintiffs and the Class.  Plaintiffs and the Class justifiably relied on 4moms advertisements, warranties, representations, and omissions regarding the Recalled Devices in deciding whether to purchase and/or use 4moms' Recalled Devices.

57.     4moms' Recalled Devices do not conform to 4moms' advertisements, warranties, representations and omissions in that they are not safe and appropriate for human and infant use, and pose risks of serious injury, including strangulation.

58.     4moms therefore breached its express warranties by placing Recalled Devices into the stream of commerce and selling them to consumers, when their use posed health and safety risks, had dangerous effects and were unsafe, rendering these products unfit for their intended use and purpose, and unsafe and unsuitable for infant use as marketed by 4moms.  These associated health and safety effect substantially impair the use, value, safety or the Recalled Devices, and render them worthless.

59.     4moms was aware, or should have been aware, of the danger to health and safety of the use and non-use of the Recalled Devices, but nowhere on the package labeling or package inserts or on 4moms' websites or other marketing materials did 4moms warn Plaintiffs and members of the Class that their infants were at risk of strangulation as a result of the dangerous straps used in the Recalled Devices.

60.     Instead, 4moms concealed the dangerous health and safety effects of the straps used in the Recalled Devices and deceptively represented that these products were safe and appropriate for infant use since at least August 2018.  4moms thus utterly failed to ensure that the material representations they were making to consumers were true.

61.     The adverse health and safety effects associated with the use and non-use of the Recalled Devices existed when they left 4moms' possession or control and were sold to Plaintiffs and members of the Class.  The dangers associated with use and non-use of the Recalled Devices was undiscoverable by Plaintiffs and members of the Class at the time of purchase of the Recalled Devices.

62.     As manufacturers, marketers, advertisers, distributors and sellers of the Recalled Devices, 4moms had exclusive knowledge and notice of the fact that the Recalled Devices did not conform to the affirmations of fact and promises.

63.     In addition, or in the alternative, to the formation of an express contract, 4moms made each of the above-described representations and omissions to induce Plaintiffs and members of the Class to rely on such representations and omissions.

64.     4moms' affirmations of fact and promises and its omissions were material, and Plaintiffs and members of the Class reasonably relied upon such representations and omissions in purchasing and/or using the Recalled Devices.

65.     Plaintiffs and members of the Class have performed all conditions precedent to 4moms' liability for its breach of express warranty.

66.     As a direct and proximate result of 4moms' breaches of express warranty, Plaintiffs and members of the Class have been damaged because they did not receive the products as specifically warranted by 4moms.  Plaintiffs and members of the Class did not receive the benefit of the bargain and suffered damages at the point of sale stemming from their payment for the Recalled Devices.

67.     Plaintiffs and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available thereunder for 4moms' failure to deliver goods conforming to their express warranties and resulting breach.

## SECOND CLAIM FOR RELIEF
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

68.     Plaintiffs incorporate the foregoing allegation as if fully set forth herein.

69.     Plaintiffs bring this claim on behalf of themselves individually and on behalf of the Class.

70.     4moms is a merchant engaging in the sale of goods to Plaintiffs and the Class.

71.     At all times mentioned herein, 4moms manufactured or supplied the Recalled Devices, and prior to the time the Recalled Devices were purchased or used by Plaintiffs and the Class, 4moms impliedly warranted to them that the Recalled Devices were of merchantable quality, fit for their ordinary use and conformed to the promises and affirmation of fact and omissions made on the Recalled Devices' labels and packaging, including that the Recalled Devices were safe and appropriate for infant use.  Plaintiffs and

the Class relied on 4moms' promises and affirmations of fact and omissions when they purchased and used the Recalled Devices.

72.     Contrary to these representations and warranties, the Recalled Devices were not fit for their ordinary use and did not conform to 4moms' affirmations of fact and promises and omissions because use of the. Recalled Devices is accompanied by the risk of strangulation, which does not conform to the labels and packaging of these devices.

73.     4moms breached its implied warranties by selling Recalled Devices that failed to conform to the promises or affirmations of fact made on the packing or label, as use of each Recalled Devices was accompanied by the risks of strangulation that do not conform to the packaging or label.

74.     Privity exists because 4moms impliedly warranted to Plaintiffs and the Class through warranting, packaging, advertising, marketing, and labeling that the Recalled Devices were safe for infant use and made no mention of the risks for strangulation associated with use of the Recalled Devices.

75.     As a direct and proximate result of 4moms' conduct, Plaintiffs and the Class have suffered actual damages in that each Recalled Device they purchased is worth less than the price they paid and which they would not have purchased or used at all had they known of the attendant risks to infants associated with the use of each Recalled Device.

76.     Plaintiffs and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available thereunder for 4moms' failure to deliver goods conforming to their implied warranties and resulting breach.

### THIRD CLAIM FOR RELIEF
### FRAUDULENT MISREPRESENTATION

77.     Plaintiffs incorporate the foregoing allegation as if fully set forth herein.

78.     Plaintiffs bring this claim on behalf of themselves individually and on behalf of the Class.

79.     4moms failed to advise Plaintiffs and the Class that the Recalled Devises were not safe for infant use.

80.     4moms intentionally, knowingly and recklessly made these misrepresentations and omissions to induce Plaintiffs and the Class to purchase the Recalled Devices.

81.     4moms knew that its representations and omissions about the Recalled Devices were false in that the Recalled Devices, which do not conform to the products' labels, packaging, advertising and statements.  4moms knowingly allowed its packaging, labels, advertisements, promotional materials and websites to intentionally mislead consumers, such as Plaintiffs and the Class.

82.     Plaintiffs and the Class did in fact rely on these omissions and misrepresentations and purchased and/or used the Recalled Devices to their detriment. Given the deceptive manners in which 4moms advertised, represented, and otherwise promoted the Recalled Devices, Plaintiffs' and the Class' reliance on 4moms omissions and misrepresentations was justifiable.

83.     As a direct and proximate result of 4moms' conduct, Plaintiffs and the Class have suffered actual damages in that they purchased the Recalled Devices (a) that were worth less than the price they paid, (b) which they would not have purchased or used at all had they known of the health risks, including strangulation, associated with the use of the Recalled Devices, and (c) which did not conform to the Recalled Devices' labels, packaging, advertising and statements.

84.     Plaintiffs and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available under the laws.

## FOURTH CLAIM FOR RELIEF
### FRAUD BY OMISSION

85.     Plaintiffs incorporate the foregoing allegation as if fully set forth herein.

86.     Plaintiffs bring this claim on behalf of themselves individually and on behalf of the Class.

87.     4moms concealed from and failed to disclose to Plaintiffs and the Class that use of the Recalled Devices is accompanied by a risk of health and safety effects, which does not conform to the products' labels, packing, advertising and statements.

88.     4moms was under a duty to disclose to Plaintiffs and the Class the true quality, characteristics, ingredients and suitability of the Recalled Devices because: (a) 4moms was in a superior position to know the true state of facts about its products; (b) 4moms was in a superior position to know the risks associated with the use and non-use of, characteristics of and suitability of the Recalled Devices for use by individuals; and (c) 4moms knew that Plaintiffs and the Class could not reasonably have been expected to learn or discover prior to purchasing the Recalled Devices that there were misrepresentations and omissions by 4moms in the packaging, labels, advertising and websites regarding the health risks associated with use of these devices.

89.     The facts concealed or not disclosed by 4moms to Plaintiffs and the Class were material in that a reasonable consumer would have considered them important when deciding whether to purchase the Recalled Devices.

90.     Plaintiffs and the Class justifiably relied on 4moms omissions to their detriment.   The detriment is evident from the true quality, characteristics and risk

associated with the use and non-use of the Recalled Devices, which is inferior when compared to how the Recalled Devices are advertised and represented by 4moms.

91.     As a direct and proximate result of 4moms' conduct, Plaintiffs and the Class have suffered actual damages in that they purchased or used the Recalled Devices (a) that were worth less than the price they paid, (b) which they would not have purchased or used at all had they known of the health and safety risks associated with the use and non-use of the Recalled Devices, and (c) which do not conform to the Recalled Devices' labels, packaging, advertising and statements.

92.     Plaintiffs and the Class seek actual damages, attorneys' fees, costs, and any other just and proper relief available under the laws.

**FIFTH CLAIM FOR RELIEF**
**NEGLIGENT MISREPRESENTATION**

93.     Plaintiffs incorporate the foregoing allegation as if fully set forth herein.

94.     Plaintiffs bring this claim on behalf of themselves individually and on behalf of the Class.

95.     4moms had a duty to Plaintiffs and the Class to exercise reasonable and ordinary care in the developing, testing, manufacturing, marketing, distribution and sale of the Recalled Devices.

96.     4moms breached its duty to Plaintiffs and the Class by developing, testing, manufacturing, advertising, marketing, distributing and selling products to Plaintiffs and the Class that did not have the qualities, characteristics and suitability for use as advertised by 4moms and by failing to promptly remove the Recalled Devices from the marketplace or to take other appropriate remedial action upon becoming aware of the health and safety risks of the Recalled Devices.

97. 4moms knew or should have known that the qualities and characteristics of the Recalled Devices were not as advertised or suitable for their intended use and were otherwise not as warranted and represented by 4moms. Specifically, 4moms knew or should have known that: (a) the use and non-use of the Recalled Devices was accompanied by risks of infant strangulation that does not conform to the packing and labeling; (b) the Recalled Devices were adulterated by the dangerous straps; and (c) the Recalled Devices were otherwise not as warranted by 4moms.

98. As a direct and proximate result of 4moms' conduct, Plaintiffs and the Class have suffered actual damages in that they purchased or used the Recalled Devices (a) that were worth less than the price they paid, (b) which they would not have purchased or used at all had they known the straps could cause infants to suffer adverse health effects; and (c) which do not conform to the products' labels, packaging, advertising and statements.

99. Plaintiffs and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available.

### SIXTH CLAIM FOR RELIEF
#### UNJUST ENRICHMENT

100. Plaintiffs incorporate the foregoing allegation as if fully set forth herein.

101. Plaintiffs bring this claim on behalf of themselves individually and on behalf of the Class.

102. Plaintiffs and the Class conferred substantial benefits on 4moms through their purchase of the Recalled Devices. 4moms knowingly and willingly accepted and enjoyed these benefits.

103. 4moms either knew or should have known that the payments rendered by Plaintiffs and the Class was given with the expectation that the Recalled Devices would

have the qualities, characteristics and suitability for use represented and warranted by 4moms.  As such, it would be inequitable for 4moms to retain the benefit of the payments under these circumstances.

104.    4moms' acceptance and retention of these benefits under the circumstances alleged herein make it inequitable for 4moms to retain the benefits without payment of the value to Plaintiffs and the Class.

105.    Plaintiffs and the Class are entitled to recover from 4moms all about wrongfully collected and improperly retained by Defendant, plus interest thereon.

106.    Plaintiffs and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available under the laws.

**SEVENTH CLAIM FOR RELIEF**
**PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 Pa. Cons. Stat. Ann. §§ 201-1, *et seq.***

107.    Plaintiffs incorporate the foregoing allegation as if fully set forth herein.

108.    Plaintiffs bring this claim on behalf of themselves individually and on behalf of the Class.

109.    At all times mentioned herein, 4moms engaged in "trade" or "commerce" in Pennsylvania, as defined by 73 Pa. Cons. Stat. Ann § 201-2(3), in that it advertised, offered for sale, and sold goods, property or services primarily for personal, family or household purposed and advertised, solicited, offered for sale, and sole "services." Property," "article[s]," "commodity[ies]," or "thing[s] of value" in Pennsylvania.

110.    Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTCPL"), 73 Pa. Cons. Stat. Ann. § 201-3 provides that "[u]nfair methods of

competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . are hereby declared unlawful."

111.    For the reasons discussed herein, 4moms violated and continued to violate the UTCPL by engaging in the herein described unconscionable, deceptive, unfair acts or practices proscribed by UTCPL §§ 201-1, *et seq.* 4moms acts and practices, including its material omissions, described herein, were likely to, and did in fact, deceive and mislead members of the public, including consumers acting reasonably under the circumstances, to their detriment.

112.    4moms repeatedly advertised on the labels and packaging for the Recalled Devices, on 4moms websites, and through national advertising campaigns, among other items, that the Recalled Devices were safe and fit for infant use.  4moms failed to disclose the material information that the straps used in the Recalled Devices, and that the Recalled Devices themselves, were unsafe and unfit for infant use.

113.    4moms' representations and omissions were material because they were likely to deceive reasonable consumers to induce them to purchase and use the Recalled Devices without being aware that the potential lethal impact of the straps used in the Recalled Devices, and therefore the Recalled Devices themselves, were unsafe and unfit for infant use.  As a direct and proximate result of 4moms' unfair and deceptive acts or practices, Plaintiffs and the Class suffered damages by purchased the Recalled Devices because they would not have purchased or used the Recalled Devices had they known the truth, and they received a product that was worthless because it contained unsafe straps which can cause a number of adverse health effects, including strangulation and asphyxiation.

114.     4moms' deceptive trade practices caused injury in fact and actual damages to Plaintiffs and the Class members in the form of the loss or diminishment of the value of the Recalled Devices that Plaintiffs and the Class members purchased or used, which allowed Defendant to profit at the expense of Plaintiffs and the Class members.   The injuries Plaintiffs and the Class members sustained were to legally protected interests.   The gravity of the harm of 4moms' actions is significant and there is no corresponding benefit to consumers of such conduct.

115.     Plaintiffs and the Class members seek relief for the injuries they have suffered as a result of Defendant's unfair and deceptive acts and practices as provided by 73 Pa. Cons. Stat. Ann. § 201-9.2 and applicable law.

## EIGHTH CLAIM FOR RELIEF
## NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT
## N.C. Gen. Stat. § 75-1.1, *et seq.*

116.     Plaintiffs incorporate the foregoing allegation as if fully set forth herein.

117.     Plaintiffs bring this claim on behalf of themselves individually and on behalf of the Class.

118.     The North Carolina Unfair and Deceptive Trade Practices Act makes it unlawful to engage in "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce."  N.C. Gen. Stat. § 75-1.1, *et seq.*

119.     Defendant engaged in unlawful methods of competition and unfair or deceptive acts or practices in or affecting commerce, with respect to the sale and advertisement of the Recalled Products purchased or used by Plaintiffs and the Class

members, in violation of N.C. Gen. Stat. § 75-1.1, *et seq.*, including by concealing the true risks of the Recalled Products.

120.    The above unfair or deceptive acts or practices by Defendant were conducted in or affecting "commerce."

121.    The above unfair and deceptive acts or practices by Defendant were immoral, unethical, oppressive and unscrupulous.

122.    The above unfair and deceptive acts or practices by Defendant were reasonably calculated to deceive class members and other consumers and made with the intent to deceive.

123.    Defendant's actions were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Plaintiffs and the Class.

124.    Plaintiffs and the Class members justifiably relied on Defendant's representations in that they would not have purchased, chosen, and/or paid for all or part of the Recalled Products had they known that the Recalled Products were defective.

125.    As a direct and proximate result of the Defendant's deceptive acts and practices, Plaintiffs and the Class members suffered an ascertainable loss of money or property, real or personal as described above.

126.    Plaintiffs and Class members seek relief under N.C. Gen. Stat. § 75-1.1, *et seq.*, including but not limited to injunctive relief, damages, treble damages, and attorneys' fees and costs.

## NINTH CAUSE OF ACTION
## PUNITIVE DAMAGES

127.    Plaintiffs incorporate the foregoing allegation as if fully set forth herein.

128.    Plaintiffs bring this claim on behalf of themselves individually and on behalf of the Class.

129.    4moms knew or should have known that the Recalled Devices were dangerous and unfit for infant use.

130.    4moms failed to disclose these facts to the publics, including Plaintiffs and Class Members.

131.    4moms risked the safety of recipients of the Recalled Devices, including Plaintiffs and Class members, when Defendant knew of the dangers the straps on the Recalled Devices and suppressed this knowledge from the general public, including Plaintiffs and Class members.

132.    4moms knew or should have known that this conduct would result in injury or damage.

133.    4moms' intentional, reckless, fraudulent, and malicious failure to disclose information regarding the health and safety risks of utilization of the Recalled Devices deprived Plaintiffs and Class members the necessary information to enable them to weigh the true risks of danger of the Recalled Devices against their benefits.

134.    4moms acted with wanton and reckless conscious indifference and utter disregard of the consequences of its actions upon the health, safety and rights of others, including Plaintiffs and Class members.

135.    As a direct and proximate result of 4moms' conscious and deliberate disregard for the rights and safety of consumers such as Plaintiffs and Class members, Plaintiffs and Class members have suffered severe and permanent economic injuries as set forth above.  4moms' outrageous conduct warrants an award of punitive damages.

136.     The aforesaid conduct of 4moms was committed with knowing, conscious and deliberate disregard for the rights and safety of consumers, including Plaintiffs and Class members, thereby entitling Plaintiffs and Class members to punitive damages in an amount appropriate to punish 4moms, and deter it from similar conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, prays for judgment against 4moms as to each and every count, including:

A.     An order certifying this action and the Class requested herein as a class action, designating Plaintiffs as representative of the Class and appointing Plaintiffs' counsel as counsel to the Class;

B.     An order declaring that 4moms' actions constitute: (i) breach of express warranty; (ii) breach of implied warranty of merchantability; (iii) fraudulent misrepresentation; (iv) fraud by omission; (v) negligent misrepresentation; and (vi) unfair and deceptive business practices in violation of aforesaid state and commonwealth laws and statutes, and that 4moms is liable to Plaintiffs and the Class, as described herein, for damages arising therefrom;

C.     A judgment awarding Plaintiffs and members of the Class all appropriate damages in an amount to be determined at trial;

D.     A judgment awarding Plaintiffs and the Class prejudgment and post-judgment interest, as permitted by law;

E.     A judgment awarding Plaintiffs and the Class costs and fees, including attorneys' fees, as permitted by law; and

F.      Grant such other legal, equitable or further relief as the Court may deem

just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury for all issues so triable.


Dated: August 19, 2022                              Respectfully submitted,

                                                    /s/ D. Aaron Rihn
                                                    D. Aaron Rihn, Esquire
                                                    PA ID No.: 85752
                                                    Robert N. Peirce, III, Esquire
                                                    PA ID No.: 76130
                                                    Sara J. Watkins, Esquire
                                                    PA ID No.: 325770
                                                    ROBERT PEIRCE & ASSOCIATES, P.C.
                                                    707 Grant Street, Suite 2500
                                                    Pittsburgh, PA 15219
                                                    Tel: 412-281-7229
                                                    Fax: 412-281-4229
                                                    arihn@peircelaw.com
                                                    robpeirce@peircelaw.com
                                                    swatkins@peircelaw.com

                                                    Blake G. Abbott*
                                                    Roy T. Willey, IV*
                                                    Paul J. Doolittle*
                                                    Poulin | Willey | Anastopoulo, LLC
                                                    32 Ann Street
                                                    Charleston, SC 29403
                                                    (843) 614-8888
                                                    blake@akimlawfirm.com
                                                    roy@akimlawfirm.com
                                                    pauld@akimlawfirm.com

                                                    **ATTORNEYS FOR PLAINTIFFS**
                                                    **AND THE PROPOSED CLASS**

                                                    *attorneys to be admitted pro hac
                                                    vice*